UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA HARAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05 C 3202 |
| | ) | |
| JO ANNE B. BARNHART, | ) | Magistrate Judge |
| Commissioner of Social | ) | Arlander Keys |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On May 16, 2006, the Court issued a Memorandum Opinion and Order remanding Patricia Haran's case to the Commissioner of Social Security. Shortly thereafter, Ms. Haran's attorney petitioned the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 1860 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in her favor and secured a remand, Ms. Haran is the prevailing party, and the Government does not argue that the Commissioner's position was substantially justified - rightly so, given the Court's findings and conclusions on summary judgment. Accordingly, the Court finds that an award of fees is appropriate

under the EAJA. The question is: how much should Ms. Haran's counsel get?

In their initial application, Ms. Haran's counsel sought to recover fees totaling $8,300.44. This included: 20.85 hours of attorney time worked in 2005 (billed at the rate of $156.25 per hour); 9.35 hours of attorney time worked in 2006 (billed at the rate of $157.50 per hour); and 35.70 hours of law clerk time (billed at the rate of $100 per hour). In their reply brief, counsel seeks another 4 hours of law clerk time (billed at the rate of $100 per hour) and another 2 hours of attorney time (billed at the rate of $157.50 per hour). The Government does not challenge the proposed hourly rates for the attorneys. But it does challenge the proposed hourly rate for law clerks; it also argues that the number of hours billed is excessive.

With regard to the hourly rates, the Court finds that the proposed attorney rates are reasonable and will use those rates – $156.25 for time billed in 2005, and $157.50 for time billed in 2006 – in calculating the award. Additionally, despite the Government's arguments, the Court finds that $100 is a reasonable hourly rate for the law clerks involved in this case – particularly in light of the fact that, at the time they performed the work on this case, the law clerks were both just a few months shy of becoming full fledged lawyers.

With regard to the number of hours billed, the Court agrees

2

with the Government that some of the time billed should be disallowed. First, some of the entries appear to reflect time spent by associate attorneys on tasks that were purely clerical in nature, and that is inappropriate. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)(affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks); *Seamon v. Barnhart*, No. 05 C 0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(reducing a fee award for time spent by attorneys on clerical tasks such as filing briefs, sending out proof of service, etc.). *See also Hensley v. Eckerhart*, 461 U.S. 424 (1983)(fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). Thus, the Court will reduce the award for:

- the time spent by Barbara Borowski on October 11, 2005 scanning documents, efiling and converting documents to PDF (1.5 hours total);

- the time spent by Barbara Borowski on October 12, 2005 printing courtesy copies for the Court and opposing counsel (.25 hours);

- the time spent by Violet Borowski on October 11, 2005 efiling the motion for summary judgment (.75 hours[1]); and

---

[1] The time entry relating to this date includes not only the efiling of the motion, but also some editing of the motion, and reflects a combined total time spent of 2.75 hours. *See* Plaintiff's EAJA Application, Exhibit C. The Court assumes, based upon Barbara Borowski's efiling entry, that .75 should be attributed to the efiling, and the remainder to the editing.

3

- the time spent by Stephanie Blaz on April 6, 2005 sending forms to Ms. Haran (.75 hours).[2]

Second, the Court agrees - and counsel for Ms. Haran concede - that the 1.00 hour August 14, 2006 entry for an "anticipated court appearance" should be disallowed.

The Government also argues that it was unreasonable to have both a law clerk and an attorney write and edit the summary judgment briefs, that entries relating to the drafting reflect billing for the same tasks by multiple lawyers, and that the time reflected in those entries should be disallowed. The Court disagrees. In the Court's view, these billing entries are not duplicative, but a reflection of the relatively common practice of having more than one person - usually one more junior, to take the first crack at the brief, and one more senior, to rework and refine the work product. At the end of the day, this would seem to reduce the overall bill, not inflate it; certainly, if Mr. Daley had written and edited the briefs from start to finish, the bill would have been much higher.

With the exception of the reductions noted above, the Court will allow counsel to recover fees for the remainder of the time billed, including the time spent on the reply in support of the

---

[2]The Court agrees with Ms. Haran's counsel that, if an attorney or law clerk actually drafts court documents for a client's signature, that time would be appropriately included in the fee award. But this particular time entry does not say "prepared" forms; it says "sent" forms.

4

EAJA application. Thus, the Court will allow counsel to recover the following: 18.35 hours of attorney time for work performed in 2005, at the rate of $156.25 per hour; 10.35 hours of attorney time for work performed in 2006, at the rate of $157.50 per hour; 29.2 hours of law clerk time for work performed in 2005, at the rate of $100 per hour; and 9.75 hours of law clerk time for work performed in 2006, at the rate of $100 per hour.

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Ms. Haran, and awards fees as requested, except to the extent explained above. Consistent with the EAJA, the Court awards fees in the amount of $8,392.32. Said amount is to be paid to Frederick J. Daley, Plaintiff's counsel.

Dated: November 2, 2006

ENTER:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge